UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Bio-Pharm, Inc.
2091 Hartel Street
Levittown, PA 19057

: CIVIL ACTION NO.

Plaintiff,

v.

Rose Laboratories, Inc.
168 Cottage Road
Madison, Connecticut 06443

Defendant.

## COMPLAINT

### PARTIES

1. Plaintiff, Bio-Pharm, Inc. ("Plaintiff") is a corporation organized under the laws of the Commonwealth of Pennsylvania located at the above address.

2. Defendant, Rose Laboratories, Inc. ("Defendant') is a corporation organized under the laws of the State of Connecticut located at the above address.

3. At all times relevant hereto, the entities named as defendant acted through their owners, servants, agents and employers within the scope of said defendants' mission business and affairs and with authority from said defendants.

### JURISDICTION AND VENUE

4. The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. 1332(a)(1), in that the matter in controversy exceeds the sum of or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Venue properly lies in this jurisdictional district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this claim occurred in this district.

**FACTUAL BACKGROUND**

### A. Defendant's Purchase of Suppositories

6. Plaintiff is a Levittown, Pennsylvania based, manufacturer of pharmaceutical drugs, both prescription and non-prescription. Plaintiff manufacturers both private label pharmaceuticals and its own line of branded products.

7. In or about May, 2002, plaintiff entered into an agreement with defendant whereby defendant ordered from plaintiff hemorrhoidal private label suppositories for ultimate resale in Russia.

8. Pursuant to plaintiff's and defendant's agreement, prior to any of the suppositories being shipped from plaintiff's facility which had been ordered by defendant, defendant had the responsibility to check all shipments at plaintiff's facility. Also, defendant was responsible for arranging all transportation of the product from plaintiff's facility to the product's final destination, being Russia, and defendant was responsible for all transportation costs. Plaintiff had no responsibility for any transportation costs or choosing the freight carrier, which were the sole responsibility of defendant.

9. Thereafter, defendant, on a periodic basis, ;laced orders with plaintiff for the suppositories. Based on the Agreement between plaintiff and defendant, plaintiff proceeded to manufacture the suppositories pursuant to defendant's specifications.

10.    In or about July, 2002, pursuant to plaintiff's Agreement with defendant, plaintiff manufactured private label suppositories pursuant to defendant's orders.

11.    After the suppositories were manufactured, defendant came to plaintiff's facility and inspected the product. Defendant approved the quality of the product, and thereafter, the product was shipped from plaintiff's facility by a trucking company chosen by defendant. All freight fees were billed and paid for by defendant. Plaintiff did not choose the trucking company or make any arrangements relating to the type of truck which picked up the product from plaintiff's facility.

12.    From July 2002 until October 2003, defendant placed orders with plaintiff for hemorrhoid suppositories. The value of the suppositories ordered by defendant from plaintiff was $326,849.52.

13.    Thereafter, plaintiff billed defendant for $326,849.52 for the suppositories, however, defendant has refused to pay plaintiff said amount, thereby breaching its Agreement with plaintiff.

**B.    Cough/Cold Syrup Sales**

14.    In or about November, 2002, defendant entered into an Agreement with plaintiff in which defendant ordered private label cough/cold syrup for defendant to resell to a large drugstore chain.

15.    From November 2002 until June 2003, defendant ordered from plaintiff cold/cough syrup for defendant to sell to the aforementioned drug store chain, at a cost of $10,076.52. Plaintiff delivered the cold/cough syrup to defendant.

16. Although defendant was billed by plaintiff for $10,076.52 and defendant had agreed to pay said amount to plaintiff, defendant has refused to pay plaintiff, thereby breaching its Agreement with plaintiff.

## COUNT I

### Breach of Contract
### Plaintiff v. Defendant

17. Plaintiff incorporates by reference thereto, all of the allegations of ¶¶ 1 through 15, above, as though same were set forth more fully and at length herein.

18. By reason of defendant's said wrongful conduct, acts and omissions, defendant materially breached its agreements with plaintiff.

19. Plaintiff has demanded, as a remedy for defendant's said material breaches of the agreements, payment by defendant of the amounts due and owing it under the agreements, but plaintiff's demands for payment have been improperly refused and rejected by defendant.

20. As a result of defendant's said breach of contract, plaintiff has suffered damages in the amount in excess of $300,000.00.

WHEREFORE, Plaintiff, Bio-Pharm, Inc. demands judgment against Defendant, Rose Laboratories, Inc. in an amount in excess of $75,000.00, exclusive of interest and costs, as well as whatever other relief the Court shall allow as just and appropriate.

*/s/ Larry M. Keller*
LARRY M. KELLER
Attorney for Plaintiff Bio-Pharm, Inc.

**OF COUNSEL:**

**SIDKOFF, PINCUS & GREEN, P.C.**
2700 Aramark Tower
1101 Market Street
Philadelphia, PA   19107
(215) 574-0600

DATE: June 23, 2005